IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH A. SHEPHERD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-cv-02999 |
| | ) | |
| PATRICK FANNING, CITY OF NEW ORLEANS, a Municipal Corporation and Body Politic, LT. ANTHONY J. CAPRERA, #103, and SGT. JUSTIN J. CRESPO, #324, | ) ) ) ) | Judge Andrea R. Wood |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants' motions dismiss for lack of personal jurisdiction or, in the alternative, for improper venue, [23], [29], are granted in part and denied in part. For the reasons stated in the accompanying Statement, the Court finds that venue in this District is improper but declines to dismiss the case and instead will transfer it to an appropriate venue. Accordingly, this case shall be transferred forthwith to the United States District Court for the Eastern District of Louisiana. The Court declines to resolve the remaining issues presented by Defendants' motions to dismiss, as those issues would be better addressed by the transferee court. Civil case terminated.

## STATEMENT

This case arises out of a conflict between condominium neighbors. Plaintiff Deborah Shepherd, an Illinois resident, had a dispute with Defendant Patrick Fanning, a Louisiana resident, over the affairs of a condominium association located in Mexico. This dispute resulted, according to Shepherd's complaint, in Fanning fabricating a criminal complaint against Shepherd, which, in turn, led to criminal charges against Shepherd in New Orleans and Shepherd eventually being arrested in Illinois. After the charges were dropped, Shepherd filed this suit against Fanning, the City of New Orleans, and two of its police officers. She alleges that those Defendants violated her rights under the Fourth and Fourteenth Amendments to the United States Constitution. She also seeks damages under Illinois state law. Defendants have moved to dismiss the case for lack of personal jurisdiction or, in the alternative, for improper venue. (Dkt. Nos. 23, 29.)

### I.

The Federal Rules of Civil Procedure allow a defendant to move for dismissal due to improper venue. *See* Fed. R. Civ. P. 12(b)(3). When a defendant moves to dismiss on that ground, the plaintiff bears the burden of establishing that venue is proper. *See Nat'l Tech. Inc. v.*

*Repcentric Solutions*, No. 13-cv-01819, 2013 WL 3755052, at *5 (N.D. Ill. June 16, 2013) (citing *Int'l Travelers Cheque Co. v. BankAmerica Corp.*, 660 F.2d 215, 222 (7th Cir. 1981)). For the purpose of considering a motion to dismiss for improper venue, the Court accepts as true all of the complaint's allegations, except those contradicted by the defendant's affidavits. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 806, 809–10 (7th Cir. 2011).

In this case, Shepherd alleges that she took unspecified "actions" in Mexico in response to Fanning's "failure to comply with Mexican law with regard to ownership of his condominium." (Compl. ¶ 9, Dkt. No. 1.) In January 2011, Fanning made a police report—a false one, according to Shepherd's complaint—to Defendant Anthony Caprera, a Lieutenant in the New Orleans Police Department. (*Id.* ¶¶ 6–7.) The report stated that Shepherd "conspired . . . to extort and steal money from Fanning." (*Id.* ¶ 8.) Defendant Justin Crespo, a Sergeant in the New Orleans Police Department, "reviewed and approved the false police report prepared by Caprera." (*Id.* ¶ 13.) Shepherd alleges that both officers knew their police department did not have jurisdiction over the allegations in the warrant since the conduct took place in Mexico. (*Id.* ¶¶ 10, 13.) Shepherd further alleges that Caprera and Fanning nonetheless "conspired to make Shepherd's lawful behavior appear criminal;" after Fanning filed his complaint, and without any further investigation, Caprera lodged a warrant for Shepherd's arrest in a national database. (*Id.* ¶¶ 10–12.) Because Shepherd's information was in a nationwide database, about three years after Caprera first filed the arrest warrant in Louisiana, Shepherd was arrested in Illinois. (*Id.* ¶ 14.) After three days in custody, Shepherd was released on bond. (*Id.*) She then traveled to New Orleans to appear in court on the charges, where she again was briefly detained. (*Id.* ¶ 15.) In March 2015, the New Orleans prosecutor cleared Shepherd of the charges. (*Id.* ¶ 16.)

In March 2016, Shepherd filed suit in this Court against Fanning, as well as Officer Caprera, Officer Crespo, and the City of New Orleans (together, "City Defendants"), asserting six counts: (I) a federal law claim for false arrest pursuant to 42 U.S.C. § 1983, (II) a federal law claim for false imprisonment pursuant to 42 U.S.C. § 1983, (III) an Illinois state law claim for false arrest, (IV) an Illinois state law claim for false imprisonment, (V) an Illinois state law claim for abuse of process, and (VI) an Illinois state law claim for civil conspiracy.[1] Defendants, in two separate motions, have moved to dismiss all counts for lack of personal jurisdiction, improper venue, and failure to state a claim. Alternatively, they seek to have the case transferred pursuant to 28 U.S.C. § 1406.

## II.

As set forth in 28 U.S.C. § 1391(b), Congress has authorized a plaintiff to bring a civil action in a judicial district (1) "in which any defendant resides, if all defendants are residents of the state in which the district is located;" (2) "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated;" or (3) in which any defendant is subject to the court's personal jurisdiction," so long as "there is no district" that satisfies one of the first two options.

---

[1] The counts are described here based on their titles in the complaint. The introduction to the complaint also references damages under Illinois law for malicious prosecution (*see* Compl. ¶ 1, Dkt. No. 1.), but the remainder of the complaint makes no mention of any purported malicious prosecution claim.

2

All Defendants in this case are residents of Louisiana. (Compl. ¶¶ 4–6, Dkt. No. 1; *see also* City Defs.' Mem. Supp. at 6, 11, Dkt. No. 24.) Thus, only a district in Louisiana in which at least one Defendant resides could serve as an appropriate venue under § 1391(b)(1). This District does not qualify.

With respect to the second option for venue, events are considered substantial for venue purposes if they "were a part of the historical predicate for the instant suit and have a close nexus" to the claim at issue. *Johnson v. Creighton Univ.*, 114 F. Supp. 3d 688, 696 (N.D. Ill. 2015) (internal quotation marks omitted); *see also Master Tech Prods. v. Smith*, 181 F. Supp. 2d. 910, 914 (N.D. Ill. 2002) ("To be 'substantial,' it is enough to establish that the events that took place in [the forum State] were 'part of the historical predicate for the instant suit'" (quoting *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001)). Events in a district can be substantial even if a majority of the events giving rise to the claim occurred outside that district. *See Caldera Pharm., Inc. v. Los Alamos Nat'l. Sec., LLC*, 844 F. Supp. 2d 926, 929 (N.D. Ill. 2012). In general, the Court's analysis of the propriety of the plaintiff's chosen forum must look to the acts of the defendant, rather than those of the plaintiff. *Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*, 80 F. Supp. 3d 870, 879 n.3 (N.D. Ill. 2015).

Shepherd argues that venue is proper here because she was arrested at her home in Orland Park and detained for three days within this District. But the alleged actions by Defendants that gave rise to the current dispute—Fanning's complaint, Caprera's report and warrant, and Crespo's review of the report—all took place in Louisiana. Had Shepherd brought claims against her Illinois jailors, venue may have been appropriate in this District. But the officers who arrested and detained Shepherd in Illinois are not parties to this suit. As Defendants' conduct giving rise to the present suit did not take place in this District, venue is not appropriate here under § 1391(b)(2).

The third option under the federal venue statue authorizes venue in any district "in which any defendant is subject to the court's personal jurisdiction," but only if there is no district that satisfies one of the first two criteria. 28 U.S.C. § 1391(b)(3). In this case, there is at least one district that does satisfy at least one of the first two venue options: as Fanning lives in the Eastern District of Louisiana and a substantial part of the events took place there, the Eastern District of Louisiana is an appropriate venue. Therefore, § 1391(b)(3) is inapplicable.[2] As such, venue is improper in this District and Shepherd's action may not be maintained before this Court.

### III.

When venue is improper the Court must remove the case from its docket through dismissal or transfer. *See* 28 U.S.C. § 1406; *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989). Dismissal may be an especially harsh result if a plaintiff simply has

---

[2] Even if § 1391(b)(3) did apply, this Court still would not have personal jurisdiction over Defendants. That is because Defendants neither "purposefully availed" themselves of the privilege of conducting activities in Illinois, nor did they have sufficient "minimum contacts" with Illinois to ground this Court's exercise of personal jurisdiction over them. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (quoting *Hanson v. Denkla*, 357 U.S. 235, 253 (1958)); *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014).

erred in determining where venue may be proper. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (relying on § 1406(a)'s underlying goal of avoiding the injustice that results from dismissing an action because the plaintiff made an honest mistake as to where the case could have been brought to hold that the statue authorizes transfer "whether the court in which [the case to be transferred] was filed had personal jurisdiction over the defendants or not").[3] Accordingly, Congress has empowered district courts to transfer a case that has been brought in an improper venue "to any district or division in which it could have been brought," so long as the transfer would "be in the interest of justice ." 28 U.S.C. § 1406. The purpose of § 1406 is to allow courts to "remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Goldlawr*, 369 U.S. at 466–67.

As the Seventh Circuit has observed, "'the interests of justice' is not a definite standard, departure from which an appellate court can readily discern and correct." *Coté v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986). For that reason, this Court enjoys "broad discretion to grant or deny a motion to transfer." *Id.*; *cf. Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (observing that "district courts have a good deal of discretion in deciding whether to transfer a case"). As other courts have recognized, "transfer is ordinarily in the interest of justice because dismissal of an action that could be brought elsewhere is 'time consuming' and may be 'justice-defeating.'" *Dutch Valley Growers, Inc. v. Rietveld*, 314 F.R.D. 293, 299 (N.D. Ill. 2016) (quoting *Goldlawr*, 369 U.S. at 467)).

Here, dismissal could result in palpable prejudice to Shepherd. At the very least, she would face the inconvenience and expense of having to refile her case. Moreover, while the Court has reached no conclusions as to what statute of limitations would apply to Shepherd's causes of action, the expiration of the application limitations period before the case could be refiled is, at the very least, a possibility. *See, e.g.*, *Farmer v. Levenson*, 79 F. App'x 918, 922 (7th Cir. 2003) (observing that dismissal may be particularly unjust "if the plaintiff mistakenly filed the suit in the wrong district and the statute of limitations has since run"). The Court has no reason to suspect that transfer would be "wast[ing] judicial resources by transferring a case that is clearly doomed," for example, because it "is a sure loser in the court that has jurisdiction." *Phillips*, 173 F.3d at 610–11. Meanwhile, on the other side of the ledger, the Court sees no way in which transfer would prejudice Defendants. No party would be legally disadvantaged by the case proceeding in federal court in Louisiana, as that court would be as familiar as this Court with the federal causes of action that Shepherd has raised and also would be capable of analyzing Shepherd's Illinois causes of action (if, in fact, Illinois state law is found to apply). In addition, a federal court in Louisiana would be closer to Defendants and so it would not be unjust for them to litigate there.

For this Court to transfer rather than dismiss this case, the transferee court must be a forum in which Shepherd may have brought her claims originally. *See* 28 U.S.C. § 1406. All Defendants live in Louisiana and at least one—Fanning—lives in the Eastern District of

---

[3] For this reason, the Court may transfer this case regardless of whether it has personal jurisdiction over Defendants. *Goldlawr*, 369 U.S. at 465 ("Nothing in th[e] language [of section 1406(a)] indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants.").

4

Louisiana.[4] Moreover, Defendants' alleged conduct giving rise to this claim all took place in New Orleans, Louisiana. Thus, venue is proper in the Eastern District of Louisiana and Shepherd could have brought her case there originally. Accordingly, this Court determines that the Eastern District of Louisiana is the most appropriate venue for transfer.

Dated: March 21, 2017

_____
Andrea R. Wood
United States District Judge

---

[4] City Defendants' papers indicate only that Caprera and Crespo live in Lousiana and work in New Orleans.

5